E-FILED
Tuesday, 26 April, 2005  02:58:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BEVERLY J. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-3077 |
| | ) | |
| UNITED STATES ATTORNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT, ON BEHALF OF UNITED STATES ATTORNEY'S OFFICE, UNITED STATES SECRET SERVICE, AND FEDERAL BUREAU OF INVESTIGATION**

Plaintiff B. Newman filed a pro se Complaint against the United States Attorney's Office, the United States Secret Service, the Federal Bureau of Investigation, and the Illinois Attorney General's Office. The federal defendants (the United States Attorney's Office, the United States Secret Service and the FBI), now move to dismiss.

1. According to the first page of the Complaint, plaintiff Newman attempted to base her claim on 18 U.S.C. Chapter 13, which contains sections (18 U.S.C. Sections 241-248) for federal criminal prosecution for civil rights violations. But plaintiff Newman, as a private person, cannot prosecute federal crimes. Instead, it is the United States who can prosecute federal crimes. And plaintiff Newman cannot compel the United States to prosecute any alleged crime, since the decision whether to seek indictment and whether to prosecute is committed to the discretion of the United States. See, Goldberg v. Hoffman, 225 F.2d 463, 464-465 (7th Cir. 1955) (criminal defendant sought to enjoin prosecution):

> Respondent Tieken moves to dismiss on the ground that the petition fails to state a claim on which relief can be granted against him, inasmuch as the prosecution of petitioner by him is merely the exercise of the discretion vested in him as United States Attorney, which is not subject to judicial review. We think the motion should

be allowed.

Our adjudication of the issue raised must be guided by considerations inherent in the well-settled principle of the separation of the powers vested in the three branches of government, which is the keynote of our constitutional mandate. We must bear in mind that the United States Attorney is an officer of the executive branch responsible primarily to the President, and, through him, to the electorate, and that the remedy sought against Tieken is a broad one, to-wit, a direct mandate from this court compelling him to take, or refrain from taking, a specific course of action with respect to the indictment pending against petitioner. More specifically, we are asked to review the exercise of administrative discretion, overrule the decision of the executive and direct the course which that discretion must take. We think such judicial control of an executive officer is beyond the power of this court.

The pattern for the relationship between the judicial and executive branches of government in this respect under our Constitution was drawn by Mr. Chief Justice Marshall when he said, in Marbury v. Madison, 1 Cranch 137, at pages 170-171, 2 L.Ed. 60:

'It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done, that the propriety or impropriety of issuing a mandamus is to be determined. Where the head of a department acts in a case in which executive discretion is to be exercised * * * it is again repeated that any application to a court to control, in any respect, his conduct would be rejected without hesitation. But where he is directed by law to do a certain act, affecting the absolute rights of individuals, in the performance of which he is not placed under the particular direction of the president * * * it is not perceived, on what ground the courts of the country are further excused from the duty of giving judgment that right be done to an injured individual * * *.'

Thus, the courts may compel an executive officer to perform an express duty imposed by constitutional statute, but they have no power to control his conduct in matters involving his discretion. We have found no case which has relaxed this limitation on the use of the remedy of mandamus, and we think there can be no doubt on the facts before us that our action must be governed by the principle announced in Marbury v. Madison, supra, and applied without reservation by the courts since the early day of that decision.

Accord, Grow v. Fisher, 523 F.2d 875, 877 (7th Cir. 1975) (after acquittal, criminal defendants sought damages from prosecutor; "Plaintiff concedes that Fisher was acting within his prosecutorial discretion in deciding whether or not to prosecute and that if the generally accepted rule stands, his

2

recovery is barred").

Thus, plaintiff Newman's claim that the United States should pursue a criminal prosecution is not a claim upon which relief may be granted.

2. Plaintiff Newman attempted to sue three federal agencies. But there is no consent to suit. See Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3655, p. 348 ("When a federal agency is the named defendant in an action, the general rule...is that the agency may be sued only if Congress has consented...."). There is a consent by the United States to be sued for claims based on the Constitution or in contract, 28 U.S.C. Section 1346(a)(2), but that would require the United States rather than the agencies as defendant and would require a claim "not exceeding $10,000 in amount...." Plaintiff Newman has not complied with this consent to suit, because she did not name the United States as a defendant, and because she asserted a claim for $50 million. (Complaint, p.7) There is also a consent by the United States to be sued for claims based on tort, 28 U.S.C. Section 1346(b)(1), but plaintiff Newman did not comply with this consent, because she did not name the United States rather than the agencies as the defendant, because she did not state a claim that sounded in tort, and because she did not exhaust the administrative remedy, 28 U.S.C. Section 2675(a), before litigation. Thus, the federal agencies have not consented to be sued, so once again plaintiff Newman has failed to state a claim upon which relief may be granted, as well as a claim with no jurisdiction over the subject matter.

3. Plaintiff Newman failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). She alleged (Complaint, p.4) that from May 2004 through March 2005, she called the offices of the federal defendants, and that the responses constituted "mispris[i]on of felony civil rights violations; due process, right to privacy,

right to equal protection, racial discrimination, reverse discrimination, homeless discrimination, freedom of information and right to know." Once again, her claim that the federal defendants violated the law when they failed to pursue prosecution of someone based on her complaints is a challenge to the exercise of federal prosecutorial discretion, and is therefore a claim upon which relief cannot be granted.

Plaintiff Newman also alleges (Complaint, p.5) that some unnamed third parties may have engaged in "sexual harrassment," and that some unnamed third parties may have made allegations of "rape, prostitution, drug abuse, sexual misconduct." These allegations are not directed at the federal defendants. And the allegations directed at "misconduct" by the Illinois Attorney Registration and Disciplinary Commission and lack of action by the Springfield Police Department (Complaint, p.6) are also not directed at the federal defendants.

4. Nor can plaintiff Newman state a "Bivens" or "constitutional tort" claim against the federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) ("An extension of Bivens [v. Six Unknown Named Agents, 403 U.S. 388 (1971)] to agencies of the Federal Government is not supported by the logic of Bivens itself").

5. Plaintiff Newman may have concerns. She may have presented her concerns to the three federal agencies. But she cannot, in our legal system, compel a prosecutorial response, Goldberg v. Hoffman, supra, or claim damages, Grow v. Fisher, supra, if she is not satisfied with the response. Therefore, she has not stated a claim upon which relief may be granted.

The federal defendants' motion to dismiss should be granted.

                                              Respectfully submitted,
                                              JAN PAUL MILLER
                                              United States Attorney

                                              s/ James A. Lewis
                    By:     _____
                                              James A. Lewis, NC Bar No. 5470
                                              Attorney for Defendant
                                              United States Attorney's Office
                                              318 South Sixth Street
                                              Springfield, IL  62701
                                              Telephone:  217/492-4450
                                              Fax:  217/492-4888
                                              email:  jim.lewis2@usdoj.gov

## CERTIFICATE OF SERVICE

    The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                        Beverly J. Newman
                        200 South 11th Street
                        Springfield, IL  62703

    April 26, 2005                                 s/ James A. Lewis
Date:_____     _____