E-FILED
Tuesday, 03 May, 2005  03:25:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BEVERLY J. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-3077 |
| | ) | |
| UNITED STATES ATTORNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MEMORANDUM OF LAW, ON BEHALF OF
UNITED STATES ATTORNEY'S OFFICE, UNITED STATES SECRET SERVICE,
AND FEDERAL BUREAU OF INVESTIGATION,
<u>IN OPPOSITION TO PLAINTIFF NEWMAN'S MOTION TO DISMISS</u>**

Plaintiff Newman recently filed a "motion to dismiss" the federal defendants' recent motion to dismiss. Her motion should be denied, for several reasons.

1. Plaintiff Newman, pro se, moved to dismiss the federal defendants' motion to dismiss. She should instead have filed a response in opposition to the federal defendants' motion to dismiss, and discussed the merits of the federal defendants' motion. CDIL-LR 7.1(B)(1). Although her motion to dismiss presents issues of law, she did not include the required memorandum of law to explain what she was trying to accomplish by her motion, and why she might be entitled to "dismiss" the federal defendants' motion to dismiss.

2. Her "motion to dismiss" listed three concerns. Her first concern appears to be that there is something incorrect in the docketing: "There is motion for extension of time to respond entered on docket sheet." This point does not make sense. Perhaps she questions whether the federal defendants' motion to dismiss was timely. If that is the question, the motion to dismiss was filed quite promptly, considering that the sixty day period of time to answer or move to dismiss began when the United States Attorney's Office was quite recently served with process. Fed.R.Civ.P.

12(a)(3)(A).  See also, Fed.R.Civ.P. 12(a)(4)(motion as alternative to answer).

     3.  Her second concern is that "[United States] Attorney Miller is not registered as representation for the defendants."  But she does not get to choose who represents the defendants.  And 28 U.S.C. Section 517 authorizes the Attorney General to send "any officer of the Department of Justice...to any State...to attend to the interests of the United States...."

     4.  Her third concern is that the defendants should be held in criminal contempt of court.  But there is quite clearly no basis for this suggestion.

     In the federal defendants' motion to dismiss, we tried to set forth the facts alleged in the Complaint and the law that applies to those alleged facts.  It seems that plaintiff Newman brought some concerns to the federal defendants and did not receive the response that she wished.  But the well-settled law that applies to such situations is that the federal defendants have discretion whether and how to respond to such concerns, and that there is no legal basis to have the judiciary direct the executive branch exercise of that discretion.  Thus, plaintiff Newman may have a concern, but she has no "claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).

                          Respectfully submitted,
                          JAN PAUL MILLER
                          United States Attorney

                          s/ James A. Lewis
By:   _____
                          James A. Lewis, NC Bar No. 5470
                          Attorney for Defendant
                          United States Attorney's Office
                          318 South Sixth Street
                          Springfield, IL  62701
                          Telephone:  217/492-4450
                          Fax:  217/492-4888
                          email:  jim.lewis2@usdoj.gov

**CERTIFICATE OF SERVICE**

      The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                              Beverly J. Newman
                              200 South 11th Street
                              Springfield, IL  62703

      May 3, 2005                                                        s/ James A. Lewis
Date:_____      _____