E-FILED
Thursday, 09 June, 2005  12:30:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BEVERLY NEWMAN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-3077 |
| U.S. Attorney's Office, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OF LAW IS SUPPORT OF MOTION TO DISMISS

NOW COMES the defendant, the Office of the Illinois Attorney General, by and through its attorney, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this memorandum of law in support of its motion to dismiss the complaint of the plaintiff. In support thereof, the following statements are made.

### INTRODUCTION

Plaintiff has filed the instant suit against the Office of the Illinois Attorney General alleging a violation of her civil rights. Although she apparently has attempted to bring her suit pursuant to federal criminal statutes, the facts as set forth in the complaint indicate that she may have attempted to bring her claim against the State defendant pursuant to 42 U.S.C. §1983, since she seeks damages and injunctive relief. Plaintiff also was allowed to supplement her complaint.

The cause of action against the State of Illinois should fail. The State has the protection of immunity pursuant to the Eleventh Amendment of the Constitution of the United States.

### FACTS

Plaintiff has filed the instant lawsuit against several government agencies alleging

that her civil rights were violated. See Docket #1, p.1. Plaintiff has alleged that she has brought her lawsuit pursuant to 18 U.S.C. Chapter 13. See Docket #1, p. 1.

Plaintiff has alleged that she is homeless and apparently had some contact with the staff at the Office of the Illinois Attorney General, which she considered unprofessional, unethical, and hostile. See Docket #1, p.4, ¶¶3, 10, 12. Plaintiff also has alleged that she believes some confidential records have been tampered with, although she does not plead that these were her records and that her mail has been tampered with, although she does not attribute such tampering to the Office of the Illinois Attorney General. See Docket #1, p. 6, ¶11. Plaintiff seeks damages and injunctive relief. See Docket #1, p. 7.

On May 10, 2005, plaintiff was allowed to supplement or amend her complaint. See Text Order of May 10, 2005. The supplemental information indicates that plaintiff filed complaints with the Attorney Registration and Disciplinary Commission, which is not affiliated with the Office of the Illinois Attorney General, against an Assistant State's Attorney in Sangamon County, Illinois, (not an Assistant Attorney General at the Office of the Illinois Attorney General) and an attorney in private practice. See Docket #5. Plaintiff also complained to the Attorney Registration and Disciplinary Commission about the decision of one of their staff attorneys. See Docket #5.

**ARGUMENT**

While the eleventh amendment to the Constitution of the United States literally applies only to claims against a state by citizens of other states, the principle embodied in the eleventh amendment has long been held to bar suits against a state by its own citizens as well. *Hans v. Louisiana*, 132 U.S. 1 (1890). States are immune from suit unless one of two exceptions exist; the State waives eleventh amendment immunity by unequivocal language, or Congress abrogates a state's eleventh amendment immunity by unequivocal language

under Congress' power to enforce the fourteenth amendment. *Kroll v. Board of Trustees of the University of Illinois*, 944 F.2d 904, 907 (7th Cir. 1991). When eleventh amendment immunity has not been abrogated or waived, a state cannot be sued in its own name no matter what relief is sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Although plaintiff does not cite 42 U.S.C. §1983 in her complaint, that section creates the cause of action brought under the due process clause of the Constitution of the United States. Congress has not abrogated eleventh immunity under 42 U.S.C. §1983. *Kroll*, 944 F.2d at 909. The State has also not consented to plaintiff's suit. The federal claim is therefore, barred by the eleventh amendment. Furthermore, insofar as plaintiff seeks damages, the State is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Although plaintiff makes allegations in her complaint about the Office of the Illinois Attorney General and has alleged that the office in some way is affiliated with the Attorney Registration and Disciplinary Commission, it is axiomatic that the Attorney General is a member of the executive branch. *See* Illinois Constitution of 1970, art. V, §§1, 15. The position of the Attorney General does not provide for oversight of the judicial branch or the Attorney Registration and Disciplinary Commission. *See* Illinois Constitution of 1970, art. V, §§1, 15; art. VI, §§1, 3, 4; 15 ILCS 205/1 *et seq*.

Further, the supplementary documents provided by the plaintiff indicate that plaintiff is complaining about a private attorney (Emily Steele), an attorney who is employed by the Attorney Registration and Disciplinary Commission (Althea K. Welsh), and an Assistant State's Attorney in the Office of the Sangamon County State's Attorney. *See* Document #5. The Assistant State's Attorney is not an Assistant Attorney General employed by the

Office of the Illinois Attorney General.  *See* Illinois Constitution of 1970, art. VI, §19, 55 ILCS 5/3-9001 *et seq*.  As such, there is no nexus to the Office of the Illinois Attorney General and this case should be dismissed.

## CONCLUSION

The Office of the Illinois Attorney General is immune from suit under both federal and state law.  The claim against this defendant should be dismissed.  In addition, there are no facts alleged that support any cause of action against the Office of the Illinois Attorney General.

WHEREFORE for the above and foregoing reasons, defendant, Office of the Illinois Attorney General, respectfully requests this honorable Court to dismiss the claims of the plaintiff, Beverly J. Newman, and enter judgment in favor of the defendant, the Office of the Illinois Attorney General.

Respectfully submitted,

OFFICE OF THE ILLINOIS ATTORNEY GENERAL,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

s/Karen L. McNaught
Karen L. McNaught
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
kmcnaught@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BEVERLY NEWMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.  05-3077 |
| U.S. Attorney's Office, et al., | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I electronically filed Defendant's Memorandum of Law in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> James A. Lewis
> jim.lewis2@usdoj.gov

and I hereby certify that on June 9, 2005, I mailed by United States Postal Service, the document to the following nonregistered participant:

> Beverly J. Newman
> 200 S. Eleventh Street
> Springfield, IL 62703

> Respectfully submitted,
> s/Karen L. McNaught
> Assistant Attorney General
> 500 South Second Street
> Springfield, IL  62706
> (217)782-1841
> (217) 524-5091 (facsimile)
> kcnaught@atg.state.il.us
> #6200462