## NOTICE CONCERNING WAIVER OF JUDICIAL DISQUALIFICATION

FROM:        Barb Race, Deputy-in-Charge
U.S. District Court, Clerk's Office
Central District of Illinois

TO:        Beverly J. Newman
    200 S. Eleventh Street
    Springfield, IL  62703
James A. Lewis
    Office of the U.S. Attorney
    318 S. Sixth Street
    Springfield, IL  62701-1806
AAG Karen L. McNaught
    Office of the Illinois Attorney General
    500 S. Second St.
    Springfield, IL  62706

RE:        <u>Newman v. U.S. Attorney, et al.</u>, No. 05-3077

      Canon 3D of the Code of Judicial Conduct provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because "the judge's impartiality might reasonably be questioned", the judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for the disqualification, agree in writing to waive the disqualification under a procedure independent of the judge's participation.

      Unless a waiver is obtained from all parties and all counsel, Judge Jeanne E. Scott intends to disqualify in this proceeding because of these circumstances:

      In 1993 and 1994 Judge Scott served in the Illinois State Court Judiciary, as Chief Judge of the Seventh Judicial Circuit, State of Illinois. Under Illinois state law the Chief Judge is considered the employer, for labor relations' purposes, of all probation officers in the Circuit.

On February 23, 1993, A.F.S.C.M.E., Council 3, filed a Representation/Certification Petition with the Illinois State Labor Relations Board seeking to represent certain employees of the Chief Judge in the Sangamon County Probation Department who were employed at the Sangamon County Juvenile Detention Facility. (Filed at the Illinois State Labor Relations Board and entitled: Chief Judge of the Seventh Judicial Circuit, Employer, and American Federation of State, County and Municipal Employees, Council 31, Petitioner, Case No. 5-RC-93-56). Judge Scott contested the petition on the basis that the proposed bargaining unit was not an appropriate bargaining unit. In the proceedings before the Illinois State Labor Relations Board, Judge Scott was represented, in her official capacity, by the Illinois Attorney General. Assistant Attorney General Karen McNaught handled the representation of Judge Scott.

The Executive Director of the Illinois State Labor Relations Board dismissed the petition on the basis that precedent clearly established that the petitioned-for bargaining unit was inappropriate. There had been an earlier case from Peoria County in which the Illinois State Labor Relations Board had ruled on precisely this point -- finding that a bargaining unit limited to employees at a juvenile detention center was not appropriate. A copy of the dismissal order is attached.

**If you and your client(s) wish to waive the Judge's disqualification, letters to that effect from you and from your client(s) must be sent to me within fourteen (14) days of the date of this Notice. The letters should not be sent to the Judge and copies should not be sent to other counsel.** If all parties and all counsel submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and the Judge will continue participation in the proceeding. If a waiver is not received from all parties and all counsel, this Notice and any responses will be kept under seal by the Clerk and not shown to the Judge, nor will the Judge be informed of the identity of any party or lawyer who declined to waive the disqualification. If the disqualification is not waived, the case will be reassigned to another Judge.